*425 OPINION OF THE COURT
John M. Galasso, J.
This matter was commenced by order to show cause which along with a cross motion to vacate the temporary restraining order and deny the petition was made returnable before this court (motion sequence Nos. 001, 002). Thereafter, a hearing was conducted and on March 1, 2006 the parties submitted further memoranda of law and decision was reserved.
Petitioner, Sheryl-Anne Sastow, as parent and natural guardian of an infant, a student at the North Shore Hebrew Academy residing within respondent Plainview-Old Bethpage Central School District, seeks to enjoin the District from terminating the busing to the Academy previously provided by the District in accordance with Education Law § 3635.
Respondent asserts that, according to the busing regulations for students residing within the District attending private schools situated without the geographical confines of the District, petitioner is not entitled to publicly funded transportation.
Preliminarily, the court chose to accept jurisdiction over this action although petitioner could have appealed the District’s adverse decision directly to the Commissioner of Education (Education Law § 3635 [2]; Matter of Gundrum v Ambach, 55 NY2d 872 [1982]).
In addition, the court declined petitioner’s request to represent all similarly situated students of the Academy and petitioner proceeded in her individual capacity (Matter of Hurd, 41 Ed Dept Rep 473 [Decision No. 14,749ec]). In any event, this ruling will be applicable to those students in like circumstances.
Now, based upon the testimony of the several witnesses and the law as argued, the court makes the following determination:
Until the District sent a letter canceling petitioner’s busing on October 26, 2005, the District had been providing transportation to middle school students at the Academy by transporting them to the Academy campus located at 175 Community Drive in Great Neck, believing that these individuals, including petitioner, were actually educated at the same location.
In fact, that location housed the senior high school Academy students. Once the middle school students arrived, the Academy took custody of the children and transported them via an Academy vehicle to the middle school campus at Old Mill Road, Great Neck.
*426 According to the District, the cancellation did not affect those students living within 15 miles of the middle school campus as set forth in Education Law § 3635.
For the purposes of this decision the court determines that the means by which the 15-mile distance is calibrated is as set forth by the District and defined by section 3635 (1) (a) of the Education Law. As measured, petitioner lives more than 15 miles from the middle school campus.
The District also investigated an alternative method to determine if any of its schools could serve as a central pick-up point if one of the middle school students resided within the 15-mile limit. There were no eligible students to serve as an “anchor student” for this purpose (Education Law § 3635 [b] [i]).
The District argues that a student is not eligible for publicly funded transportation beyond 15 miles from their home to the school he or she actually attends. The District refers to language in the Education Law that uses the phrase “legally attends” and equates “legally” with “actually,” thus maintaining petitioner legally attends the middle school Academy campus (Matter of Nicotri, 38 Ed Dept Rep 80 [Decision No. 13,987]).
Petitioner contends that her daughter legally attends the Academy, which happens to have more than one campus with designations of elementary, middle and high school. The high school campus is within the 15-mile limit. Petitioner asserts that once her daughter is dropped off at the high school campus, she is transferred to the protection and control of the Academy. Thus, the District, at that point, has no further interest as to which campus is the one where she is actually educated.
Initially, the court finds whether or not petitioner’s daughter attends some classes or school events at the high school is not determinative of this decision as too much variation can exist from one student to another or from year to year. Petitioner’s daughter is a middle school student receiving the academic curriculum that implies at the middle school campus.
If this matter were as the District advocates, this decision would simply rest on the opinion of the Commissioner of Education (Matter of Bank, 40 Ed Dept Rep 141 [Decision No. 14,442]). However, the seminal issue is, in a private academy setting with more than one campus, what school does petitioner legally attend.
The court finds in favor of petitioner and that the definition of “legally attends” for the Academy is different than what a *427 public school student legally attends within a district for purposes of providing transportation.
Education Law § 2 (1) defines academy as an incorporated institution in secondary education (which includes middle school) as admitted by the Board of Regents. Petitioner has established that:
(a) The Academy operates preschool through high school courses under one corporate umbrella;
(b) the various age groups are interspersed among the buildings;
(c) there is one unified board supervising all age groups;
(d) the Academy is deemed one unified school by the parents, its students and by the Orthodox Jewish Community throughout the New York Metropolitan area;
(e) the Academy has one philosophical mission;
(f) there is a single business office which administers all business transactions for the entire Academy irrespective of grade level;
(g) fund raising events are joint; and
(h) there is one joint academic calendar.
It is determined that, under the facts of this case, since the term legally attends with regard to a private academy with more than one campus does not have a controlling statutory or case law definition, petitioner’s daughter legally attends the North Shore Hebrew Academy at the facility located at 175 Community Drive, Great Neck. Once under the Academy’s supervision, the District no longer maintains any interest in the exact location among the campuses where the daughter receives her instruction.
The practical concerns expressed by the District that the middle school students were causing the public school students on the bus route to arrive home at the end of the day later than generally expected by their parents or guardians is one to be addressed by the public and nonpublic school authorities with a view toward cooperation (e.g., In re Stickley, Op Comm Ed No. 11963 [1988]). The public school bus may be entitled to leave the Academy high school campus at a set time if the middle school students are late (see, appeal of Hamilton, 21 Ed Dept Rep, 30 [1981]; also see 27 Ed Dept Rep 328).
Accordingly, petitioner’s application is granted and respondent’s cross motion is denied.